UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAGE GROWTH CAPITAL FUND 1, LLC, an Idaho limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CPR CONSTRUCTION CLEANING, LLC, an Arizona limited liability company; JOSEPH PATRICK MAEZ, an individual; and CORINA BURTON, an individual,<br><br>Defendants. | Case No. 1:22-cv-00237-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendants' Motion for Leave to Amend the Answer (Dkt. 24) and Plaintiff's Motion to Compel (Dkt. 29). For the reasons explained below and during the hearing held on the motions, the Court will conditionally grant Defendants leave to file an amended answer. Further, the Court will grant Plaintiff's Motion to Compel.

## DISCUSSION

On January 31, 2023, The Court heard oral argument regarding Defendants'

MEMORANDUM DECISION AND ORDER - 1

Motion to Amend and Plaintiff's Motion to Compel. While the Court addressed both motions during the hearing, the Court seeks to clarify its ruling.

### 1. Motion To Amend

Through their Motion to Amend, Defendants seek to add an affirmative defense and assert two counterclaims for (1) fraudulent inducement and (2) violations of the Idaho Consumer Protection Act. *See* Dkt. 24. As the Court explained, under a strict reading of Rule 7.1 of the District of Idaho's Local Civil Rules, the Defendants' Motion to Amend could be deemed untimely due to Defendants' failure to file their supporting brief until three days after the deadline to amend the pleadings had passed. *See* Dkt 15. Further, Defendants' failure to address the more restrictive standard under Rule 16(b) would provide sufficient grounds for this Court to deny Defendants leave to amend. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Court also noted that Defendants' proposed counterclaims face numerous futility issues, including failing to plead their counterclaims with particularity as required by Rule 9(a) for fraud claims and violations of the Idaho Consumer Protection Act. *See Tuttle v. Treasure Valley Marine, Inc.*, No. 1:15-CV-00314-BLW, 2016 WL 3198230, at *2 (D. Idaho June 8, 2016).

While the Court determined that it has sufficient justification to deny the

**MEMORANDUM DECISION AND ORDER - 2**

Defendants' Motion to Amend, Rule 1 requires that the Federal Rules of Civil Procedure be construed and applied as to achieve the just, speedy and inexpensive resolution of all disputes. *See* Fed. R. Civ. P. 1. In consideration of how to best achieve those objectives, the Court will grant Defendants' leave to file an amended answer, but only subject to two critical conditions. Specifically, if the Defendants elect to file an amended answer, the Court will require them to (1) pay, as sanctions, all attorney fees reasonably incurred by the Plaintiff in resisting the motion; and (2) file a new amended answer, in which the counterclaim clearly addresses the shortcomings which the Court identified during the hearing, and which the Plaintiff identified in their Response.[1]

Counsel is also directed to consider their obligation under Rule 11, not to file any pleading – or in this case, a counterclaim – which lacks support in law or fact. *See* Fed. R. Civ. P. 11. Further, if Defendants elect to file an amended answer which is later determent to be clearly deficient for any of the reasons raised in Plaintiff's Response, the Court intends to assess Defendants and their counsel attorney's fees as sanctions.

---

[1] The Court does not hold that every argument in Plaintiff Response is entirely meritorious; however, as discussed during the hearing, Defendants must ensure that they can overcome Plaintiff's challenges and allege a legally sufficient claim if they elect to file an amended answer.

**MEMORANDUM DECISION AND ORDER - 3**

### 2. Motion to Compel

As also noted during the hearing, the Court will grant Plaintiff's Motion to Compel. *See* Dkt. 29. Plaintiff alleged two primary deficiencies with the Defendants' discovery responses: that (1) the Individual Defendants, Ms. Burton and Mr. Maez, have failed to respond to the discovery that has been directed at them individually, and (2) the Defendants have failed to produce their emails in a manner that complies with the discovery plan and the Federal Rules of Civil Procedure. *See* Dkt. 29.

First, the Court will order the Individual Defendants to provide a single cohesive response to the discovery directed at them. As the counsel for the Defendants acknowledged, "Defendants Maez and Burton inadvertently responded to some of the requests sent to CPR Construction instead of to them personally." *Def.s' Response*, Dkt. 33, at 4. After reviewing the parties' filings, the Individual Defendants have failed to correct their mistake and provide answers to the interrogatories directed at them, not Defendant CPR Construction, in compliance with Rule 33. *See* Fed. R. Civ. P. 33(b)(3) (answers to interrogatories must be in writing, given under oath, and signed by the party to whom they are directed).

Second, despite Defendants' apparent attempts to produce their emails in the proper format, Defendants have failed to meet the requirements in the discovery

plan. Pursuant to the joint discovery plan, which the Court adopted, the parties are required to produce ESI documents in a format with "logical document breaks," "as searchable," and "with metadata [including the] following fields: author, recipients, file name, regarding/subject line, date created, and date edited/modified." Dkt. 11. According to counsel, prior to the Defendants' latest supplemental production of documents, Defendants produced their emails in only a PDF format, which inherently failed to meet the metadata formatting requirement. Further, Plaintiff noted that Defendants' prior production of emails failed to either include or accurately Bates stamp the various attachments to the emails produced.

      While the parties concede that Defendants' latest supplemental production was in native format—adhering to the metadata requirements—Plaintiff's counsel informed the Court that the emails provided in a native format were not Bates stamped and there was a significant disparity between the native documents provided and those provided in a PDF format. Moreover, while the most recent product apparently included the email attachments, the Bates stamping was done in a way that prevented Plaintiff's counsel from being able to load the materials provided in a way which connect the attachments to the correct email.  To date, Defendants have failed to produce their emails, with attachments, in a cohesive manner that meets all of the formatting requirements included in the discovery

**MEMORANDUM DECISION AND ORDER - 5**

plan.

Accordingly, the Court will compel the Defendants to provide Plaintiff with a new, complete production of documents appropriately Bates stamped and adhering to the format required in the discovery plan within two weeks. Further, to ensure the Defendants' compelled document production adheres to the format requirements, the parties are ordered to confer with their ESI experts within one week from this order.[2] Accordingly,

## ORDER

**IT IS ORDERED that:**

1. Defendants' Motion for Leave to Amend (Dkt. 24) is **GRANTED** subject to two conditions:

   a. If the Defendants elect to file an amended answer, the Court will require Defendants, as sanctions, to pay all attorney fees reasonably incurred by the Plaintiff in resisting the motion; and

   b. If the Defendants elect to file an amended answer the Court will require Defendants to file a new amended answer, in which the counterclaims clearly address the shortcomings the Court

---

[2] The Court will preserve ruling on Plaintiff's request for sanctions until a later time.

previously identified and which the Plaintiff identified in their Response.

2. Defendants are further directed that if they elect to file an amended answer, which the Court later determines is deficient for reasons already identified by Plaintiff and is dismissed for any of the reasons raised in Plaintiff's Response (Dkt. 27), the Court may assess against Defendants and their counsel an award of attorney's fees as a sanction.

3. **IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (Dkt. 29) is **GRANTED**.

4. **IT IS FURTHER ORDERED** that the Individual Defendants, Ms. Burton and Mr. Maez, are directed to produce a single response to the interrogatories that Plaintiff directed to them individually that complies with the applicable Federal Rules of Civil Procedure.

5. **IT IS FURTHER ORDERED** that Defendants provide Plaintiff with a new, complete production of ESI documents, including any emails, that adhere to the format requirements in the discovery plan before **February 16, 2023**.

1. **IT IS FURTHER ORDERED** that the parties are to participate in a

**MEMORANDUM DECISION AND ORDER - 7**

conference in the presence of the Anders Pedersen, the Law Clerk assigned to this case, and their respective ESI experts before **February 9, 2023** to ensure the accuracy of the Defendants' production of ESI documents.

DATED: February 1, 2023

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 8