UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAGE GROWTH CAPITAL FUND 1, LLC, an Idaho limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CPR CONSTRUCTION CLEANING, LLC, an Arizona limited liability company; CPR CONSTRUCTION CLEANING USA, LLC, and Arizona limited liability company; PCB HOLDINGS, LLC d/b/a CPR CONSTRUCTION CLEANING, an Arizona limited liability company; JOSEPH PATRICK MAEZ, an individual; CORINA BURTON, and individual; and BRENDA BURTON, and individual,<br><br>Defendants. | Case No. 1:22-cv-00237-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

In April 2024, Joseph Maez filed a notice of bankruptcy filing with the Court, triggering an automatic stay pursuant to 11 U.S.C. § 362(a). Dkt. 91. That stay applies only to the proceedings against Mr. Maez, not to those against any other party. *In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994).

MEMORANDUM DECISION AND ORDER - 1

Consistent with the automatic stay, the proceedings against Mr. Maez have been stayed, but the Court, until this point, has not stayed the proceedings as to any other party.

In May 2024, the Court conducted a hearing on Sage Growth's motion to enforce the settlement agreement (Dkt. 70). At that hearing, Sage Growth indicated it would move to sever Mr. Maez from the case in order to continue pursuing its claims against the other defendants. The Court suggested that it agreed that severance was appropriate under the circumstances. Upon further consideration, the Court will not sever Mr. Maez from the case and will instead issue a stay of all proceedings.

As the Ninth Circuit has explained, a district court, pursuant to its inherent authority, may:

> [F]ind it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. The rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling in the action before the court.

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). Courts have entered a stay when "a later trial of the claims against [another] defendant could involve the relitigation of most if not all of the issues litigated in the first proceeding." *J&J Sports Prods., Inc. v. Brar*, No. 2:09-cv-3394-GEB-EFB, 2012

MEMORANDUM DECISION AND ORDER - 2

WL 4755037, at *2 (E.D. Cal. Oct. 3, 2012). Other district courts have found that a stay is appropriate when "it would be more efficient to stay the entire case while claims against [some defendants] are subject to the automatic stay, rather than to proceed with [the] litigation on a piecemeal basis." *Beardsley v. All Am. Heating, Inc.*, C05-1962P, 2007 WL 1521225, at *3 (W.D. Wash. May 22, 2007).

There are several reasons why issuing a stay is appropriate here, but the main one is administrability. Severing Mr. Maez from this case is not an easy task. Sage Growth has alleged several claims against him as has his co-defendant, Corina Burton. *See Am. Compl.*, Dkt. 54; *Corina Burton's Ans., Cross Cls., and Third-Party Claims*, Dkt. 71. The existence of multiple claims by multiple parties against Mr. Maez prevents the Court from neatly severing him from the case. Rather, what is now a single proceeding would need to be divided into several proceedings. Beyond the administrability concerns, severing Mr. Maez from the case is inefficient. Sage Growth's allegations against the defendants concern the same conduct, often done in concert, by all of the defendants. "[A] later trial of the claims against [Mr. Maez] could involve the relitigation of most if not all of the issues litigated in the first proceeding." *J&J Sports Prods., Inc.*, 2012 WL 4755037, at *2.

That said, the Court acknowledges that an additional delay in these

**MEMORANDUM DECISION AND ORDER - 3**

proceedings will prejudice Sage Growth. That prejudice, however, is not outweighed by the administrability and efficiency concerns articulated above. "Deciding whether to sever a party or claim lies wholly within the trial court's sound discretion and is subject to appellate review only for clear abuse." *Glasser v. Blixseth*, No. C14-1576 RAJ, 2016 WL 3186804, at *5 (W.D. Wash. June 8, 2016). The Court cannot conclude that severance is appropriate here and will, accordingly, stay this proceeding until the automatic stay that applies to Mr. Maez expires or is lifted. Within 21 days of the resolution of Mr. Maez's bankruptcy petition, counsel will advise the Court so that these matters may proceed.

## ORDER

**IT IS ORDERED that:**

1. All proceedings in the matter are **STAYED** pending the resolution defendant Jason Maez's bankruptcy petition, case number 2:24-bk-02451-DPC, filed April 1, 2024, in the United States for the District of Arizona.

2. The parties shall notify the Court within 21 days of the resolution of the bankruptcy proceedings—either by termination of the proceeding or by an order granting relief from the automatic stay.

**MEMORANDUM DECISION AND ORDER - 4**



DATED: April 28, 2025

_____
B. Lynn Winmill
U.S. District Court Judge