UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAGE GROWTH CAPITAL FUND 1, LLC, an Idaho limited liability company,<br><br>　　Plaintiff,<br><br>　　v.<br><br>CPR CONSTRUCTION CLEANING, LLC, an Arizona limited liability company; CPR CONSTRUCTION CLEANING USA, LLC, an Arizona limited liability company; PCB HOLDINGS, LLC d/b/a CPR CONSTRUCTION CLEANING, an Arizona limited liability company; JOSEPH PATRICK MAEZ, an individual; CORINA BURTON, an individual; and BRENDA BURTON, an individual,<br><br>　　Defendants. | Case No. 1:22-cv-00237-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |
| CORINA BURTON, an individual<br><br>Third-Party Plaintiff,<br><br>　　v.<br><br>CORNERSTONE FRANCHISE PARTNERS, LLC; SRC CONSTRUCTION CLEANING, LLC d/b/a CLEARSITE CONSTRUCTION SERVICES; RYAN COMBE; RYAN | |

| |
|---|
| HICKS; and SECOND WIND CONSULTANTS, INC,<br><br>    Third-Party Defendants. |
| CORINA BURTON, an individual<br><br>    Cross-Claimant,<br><br>v.<br><br>CPR CONSTRUCTION CLEANING, LLC, an Arizona limited liability company; CPR CONSTRUCTION CLEANING USA, LLC, an Arizona limited liability company; and JOSEPH PATRICK MAEZ, an individual<br><br>    Defendant. |

Before the Court is Sage Growth Capital's Motion for Default Judgment against Joseph Patrick Maez, CPR Construction Cleaning, LLC and CPR Construction Cleaning USA, LLC (Dkt. 89). For the reasons set forth below the Court will deny the motion without prejudice.

In 2022, Sage Growth brought several tort and contract claims against CPR Construction Cleaning LLC, Joseph Patrick Maez, and Corina Burton. Dkt. 1-2. Sage Growth later moved to amend the complaint to add several defendants, including CPR USA, which the Court granted. Dkt. 53. This amendment set off a series of events that resulted in the clerk's entry of default against Mr. Maez, CPR,

and CPR USA for failing to appear following the withdrawal of counsel (Mr. Maez and CPR) or failing to file any answer to the complaint (CPR USA). In any event, Sage Growth now moves for default judgment against all three defendants. The claims against the non-defaulting defendants have not yet been resolved.

The requirements for moving for default judgment are set forth in Federal Rule of Civil Procedure 55. The Court, however, need not get into the specific requirements of Rule 55 now. Rather, this motion is easily resolved by applying the principle set forth in *Frow v. De La Vega*, 82 U.S. 552 (1872) which is the leading case on default judgment in cases involving multiple defendants. As the Ninth Circuit has explained:

> The Court held in *Frow* that, when a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants. It follows that if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants.

*In re First T.D. & Inv. Inc.*, 253 F.3d 520, 532 (9th Cir. 2001); *see also* 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2690 (4th ed. 2025) ("[W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants or all defendants have defaulted."). Importantly, the Ninth Circuit has extended the rule in *Frow* not only to jointly liable co-defendants, but also "to those [defendants] that are 'similarly situated,'

such that the case against each rests on the same legal theory." *Garamendi v. Henin*, 683 F.3d 1069, 1082–83 (9th Cir. 2012).

These cases make clear that district courts should wait to enter a default judgment against defaulting defendants until the claims against the non-defaulting co-defendants have been resolved. Here, the claims against the defaulting defendants are closely related to those against to the non-defaulting judgment and, at least as to the tort claims, the defendants may be jointly and severally liable. The claims against the non-defaulting defendants have not yet been resolved, so the Court will deny the motion for default judgment without prejudice.

## ORDER

**IT IS ORDERED that** Plaintiff's Motion for Default Judgment (Dkt. 89) is **DENIED** without prejudice.

DATED: September 12, 2025

B. Lynn Winmill
U.S. District Court Judge